UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In re:<br><br>KATRINA L. MACLEOD<br>*aka* KATRINA L. SARGENT<br>*aka* KATRINA MACLEOD,<br><br>    Debtor. | Chapter 13<br>Case No. 20-10150-BAH |
|---|---|

### OBJECTION OF U.S. BANK TRUST TO CONFIRMATION OF CHAPTER 13 PLAN

NOW COMES U.S. Bank Trust National Association, as Trustee of the Lodge Series IV Trust, as serviced by BSI Financial Services, ("**U.S. Bank Trust**") and objects to confirmation of the Chapter 13 plan of Katrina L. Macleod (the "**Debtor**"). In support of its objection to confirmation, U.S. Bank Trust states as follows.

### STATEMENT OF MATERIAL FACTS

1.  On July 27, 2006, Steven C. Macleod executed a promissory note in favor of Madison First Financial, Inc., for a loan in the amount of $360,000.00 (the "**Note**").

2.  On July 27, 2006, as security for his obligations under the Note, Steven C. Macleod and the Debtor granted a mortgage (the "**Mortgage**") on certain real property known as and numbered 17 Newcastle Lane, Bedford, New Hampshire 03110 (the "**Property**").

3.  The Note and the Mortgage for the Property have been assigned to U.S. Bank Trust.

**Bankruptcy Petition**

1

4. On February 11, 2020, the Debtor filed a voluntary Chapter 13 petition with this Court, commencing the above-captioned case. Doc. No. 1.

5. On March 3, 2020, U.S. Bank Trust filed its proof of claim with this Court regarding the Note and Mortgage on the Property. Claim No. 1-1.

6. On March 6, 2020, U.S. Bank Trust filed an amended proof of claim with this Court regarding the Note and Mortgage on the Property ("**USBT Claim**"). Claim No. 1-2.

7. Pursuant to its claim, U.S. Bank Trust alleges that the Debtor owes pre-petition arrears under the Note and Mortgage totaling $170,966.55. Id.

8. On March 10, 2020, the Debtor filed a Chapter 13 plan (the "**Plan**"). Doc. No. 17.

9. The Plan does not provide that the Debtor will maintain the current monthly payments pursuant to the Note and Mortgage to be paid directly to the Creditor, nor does it provide for the cure of the prepetition arrears through the Plan. Id.

10. Instead, the Plan provides that the arrearage will be cured through the sale of the Property. Id.

11. The Plan provides that the Debtor shall sell the Property by February 11, 2021, but does not provide alternative treatment in the event the Debtor is unable to sell the Property. Id.

12. The Plan does not provide for regular post-petition payments to be made

to Creditor pursuant to the terms of the Note and Mortgage, nor does it provide for any payment of property taxes or property insurance by the Debtor while the bankruptcy case is pending. Id.

13. On March 17, 2020, the Debtor requested approval of this Court to employ a broker to sell the Property, but a motion to sell the Property has not been filed to date. Doc. No. 21.

14. Counsel for Creditor and counsel for Debtor have engaged in numerous discussions in an attempt to amicably resolve this matter through the filing of an amended plan which would address Creditor's concerns and provide for ongoing post-petition payments. To date, an amended plan has not been filed by the Debtor and no post-petition payments have been received from the Debtor.

## GROUNDS FOR OBJECTION TO PLAN

15. U.S. Bank Trust respectfully asks this Court to refuse to confirm the Plan for the following reasons.

16. Creditor objects to confirmation of the Plan as it fails to comply with the requirements of 11 U.S.C. § 1325(a)(5) and § 1322(b)(2) and (5).  The proposed treatment of the arrearage is contingent upon the Debtor's ability to find an able and willing buyer at a price which will satisfy Creditor's secured claim.  The Plan does not provide a reasonable time by which a sale must be completed. Creditor seeks a limitation of six months for the Debtor to complete a sale of the Property. Furthermore, the Plan does not provide alternative treatment of the prepetition arrearage in the event the Debtor is

3

unsuccessful in selling the Property. The Plan does not provide for any ongoing monthly mortgage payments to Creditor.

17. Neither the Court nor Creditor have approved a sale of this property. Debtor is required to file a motion to sell with the court, and be granted approval, prior to sale of the property.

18. Creditor reserves its right to object to any Motion filed by the Debtor proposing to sell the Property without paying the secured claim in full.

### Failure to Comply with 11 U.S.C. § 1322(b)(2)

19. Pursuant to 11 U.S.C. §1322(b), a plan may provide for the cure of a default, but may not modify "a claim secured only by a security interest in real property that is the debtor's principal residence". 11 U.S.C. §1322(b)(2)-(3). The exception to this rule requires that the cure of a default take place "within a reasonable time", and that where the last payment is due after the final payment under the plan is due, the debtor maintain post-petition payments on the claim. 11 U.S.C. §1322(b)(5).

20. The Plan does not provide that the Debtor will maintain ongoing monthly payments pursuant to the Note and Mortgage while the Debtor attempts to sell the Property, nor does the Plan provide for the cure of the prepetition arrears through the Plan. Instead, the Plan provides that the arrearage will be cured through the sale of the Property within six (6) months.

21. As the cure of the arrearage and payment of the secured claim depends on the sale of the Property within a certain amount of time, and the Debtor has not yet

4

taken any steps to complete such a sale, the Debtor's ability to cure the arrearage within a reasonable time is unlikely.

22. U.S. Bank Trust respectfully objects to the Plan on the grounds that it does not provide for curing of the pre-petition arrears within a reasonable time, nor does it provide for ongoing post-petition maintenance payments. 11 U.S.C. § 1322(b)(5).

### Failure to Comply with 11 U.S.C. § 1325(a)(5)

23. Each allowed secured claim provided for in a chapter 13 plan must meet certain criteria as described in 11 U.S.C. §1325(a)(5). A plan cannot be confirmed unless either: the holder of the allowed secured claim accepts the plan; the plan provides for the retention of the claim until it is paid in full and "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the amount of such claim;" or "the debtor surrenders the property securing such claim to such holder". 11 U.S.C. §1325(a)(5).

24. U.S. Bank Trust, the holder of Claim No. 1-2, does not accept the Debtor's proposed Plan, and therefore the Plan does not meet the requirement of 11 U.S.C. §1325(a)(5)(A).

25. U.S. Bank Trust objects to confirmation of the Plan for failure to meet the requirements of 11 U.S.C. §1325(a)(5).

### Failure to Provide for Pre-Petition Arrears

26. U.S. Bank Trust objects to the proposed treatment and asserts that the Plan is unconfirmable over its objection as the Plan fails to comply with 11 U.S.C. §§1322(b)(2), 1322(b)(5) and 1325(a).

5

27. The Court cannot confirm a plan that is predicated on a debt structure that does not presently exist and may not come to be. The Plan must address circumstances as they presently exist.

28. Pursuant to U.S. Bank Trust's proof of claim, the Debtor owes pre-petition arrears pursuant to the Note and Mortgage totaling $170,966.55. <u>Claim No. 1-2</u>.

29. U.S. Bank Trust further objects on the grounds that the Debtor seeks a full year to sell the Property with no payments made to Creditor in the interim. Furthermore, the Debtor does not have an alternative treatment if the Property does not sell.

WHEREFORE, in light of the foregoing, U.S. Bank Trust respectfully requests that this Court enter an order:

(a) Denying confirmation of the Debtor's amended Chapter 13 plan; and

(b) Granting U.S. Bank Trust such other and further relief as is just and proper.

Respectfully submitted,

U.S. Bank Trust National Association, as Trustee of the Lodge Series IV Trust, as serviced by BSI Financial Services,

By its attorney,

<u>/s/ Derek A. Castello</u>
Derek A. Castello, Esq. #268941
Demerle Hoeger LLP
10 City Square, 4th Floor
Boston, MA 02129
(617) 934-7834
dcastello@dhnewengland.com

DATE: June 5, 2020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In re:<br><br>KATRINA L. MACLEOD<br>*aka* KATRINA L. SARGENT<br>*ak*a KATRINA MACLEOD,<br><br>    Debtor. | Chapter 13<br>Case No. 20-10150-BAH |
|---|---|

## CERTIFICATE OF SERVICE

I, Derek A. Castello, Esq. of the law firm of Demerle Hoeger LLP, hereby certify that I have this 5th day of June 2020 served on behalf of U.S. Bank Trust National Association, as Trustee of the Lodge Series IV Trust, as serviced by BSI Financial Services, an <u>Objection to Confirmation of Chapter 13 Plan</u> and this <u>Certificate of Service</u> by causing copies hereof to be sent by electronic mail via the Case Management / Electronic Case Files (ECF) system and by private electronic mail to all parties not appearing electronically but entitled to service per the Federal Rules of Bankruptcy Procedure.

| Katrina Macleod<br>17 New Castle Lane<br>Bedford, NH 03110 (M) | S. William Dahar, II, Esq.<br>Victor W. Dahar, P.A.<br>20 Merrimack Street<br>Manchester, NH 03101 (ECF) |
|---|---|
| Office of the U.S. Trustee<br>James C. Cleveland Building<br>53 Pleasant Street<br>Suite 2300<br>Concord, NH 03301 (ECF) | Lawrence P. Sumski, Esq.<br>Chapter 13 Trustee<br>1000 Elm Street<br>10th Floor<br>Manchester, NH 03101 (ECF) |

                                                  /s/ *Derek A. Castello*
                                                Derek A. Castello, Esq.